ORIGINAL

alvinquinataple

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
APR - 5 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ALVIN NASH QUINATA, Defendant. | CRIMINAL CASE NO. 06-00024 **PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ALVIN NASH QUINATA, enter into the following plea agreement:

1. The defendant, ALVIN NASH QUINATA, agrees to enter a guilty plea to the Indictment charging him with Theft of Government Property, in violation of Title18, United States Code, Sections 641 and 2.

2. The defendant understands that the <u>maximum</u> sentence for Theft of Government Property in an amount greater than $1,000.00, in violation of 18 U.S.C. § 641, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may

include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3). The total $100 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the statutory minimum, or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater, a fine, full restitution, and credit for time served, if any.

3. If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Theft of Government Property, in violation of Title18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

<u>Second</u>, that the property belonged to the United States; and

<u>Third</u>, that the value of the property was more than $1000.

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1983 and is a citizen of the United States.

b. That beginning on or about April 13, 2006, and continuing up to May 16, 2006, in the District of Guam, the defendant, ALVIN NASH QUINATA, willfully and knowingly, did steal United States currency and property from the Navy Exchange, Guam. That the defendant,

- 2 -

ALVIN NASH QUINATA, knowingly and willingly stole the currency and property with the intention of depriving the owner of the use or benefit of the currency and property. That United States currency and property from the Navy Exchange, Guam, is currency and property of the United States. That the value of the currency and property stolen from the Navy Exchange, Guam, was of the value of $52,001.56. That the currency and property from the Navy Exchange, Guam, had come into the possession of the defendant, ALVIN NASH QUINATA, by virtue of him writing approximately 83 checks to the Navy Exchange to make purchases and receive cash, knowing that he had insufficient funds to cover the purchases. That the defendant, ALVIN NASH QUINATA, possessed the property for his own personal gain.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant agrees to pay restitution in the amount of $52,001.56 to the Navy Exchange in Guam.

8. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based on the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

- 3 -

Case 1:06-cr-00024    Document 15    Filed 04/05/2007    Page 3 of 4

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 4/4/07

_____
ALVIN NASH QUINATA
Defendant

DATED: 4/4/07

_____
G. PATRICK CIVILLE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 4/4/07      By: _____
RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 2/7/07

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

- 5 -